```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA


MELODY S. VALENTINO, et al.,  )
                              )
              Plaintiffs,     )
                              )
      v.                      )  Civil Action No. 04-1278
                              )
GLADE RUN LUTHERAN SERVICES,  )
                              )
              Defendant.      )
```

MEMORANDUM

Gary L. Lancaster,
District Judge.                              September 13, 2005

This is an action in employment discrimination. Plaintiffs, Melody Valentino and Margaret A. Cornelius, allege that defendant, Glade Run Lutheran Services ("Glade Run"), constructively terminated Valentino from her position of cook and Cornelius from her position of Nutritional Service Department Supervisor, due to their ages, in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621-634 ("ADEA"). Plaintiffs seek money damages.

Defendant has filed a motion to dismiss Count VI[1] of the complaint because Cornelius has not set forth a prima facie case

---

[1] Apparently defendant's motion to dismiss is erroneously entitled, "Motion to Dismiss Count IV of the Omnibus Amended Complaint." In Count IV, Plaintiff Valentino asserts a claim for retaliation under the Pennsylvania Human Resources Act. In Count VI, Plaintiff Cornelius asserts a claim for retaliation under the ADEA. Based on defendant's brief, we will consider defendant's motion to be one to dismiss Count VI of the Amended Complaint.

of unlawful retaliation [doc. nos. 20, 21]. Defendant argues that an employer's appeal of a claim for unemployment compensation benefits does not constitute an adverse employment action.

For the reasons which follow, the motion will be granted.

I. BACKGROUND

Plaintiff Cornelius alleges that she was employed by defendant as a full-time cook from 1996 to 2000. After leaving defendant's employ for a brief period, in 2001, Cornelius was rehired by defendant as Nutritional Service Department Supervisor. Plaintiff claims that beginning in December, 2003, she was subjected to harassment and disparate treatment because of her age. Plaintiff alleges that on May 17, 2004, she went on FMLA leave due to the depression and anxiety she was experiencing as a result of the hostile working environment. On July 23, 2004, plaintiff's physician cleared her to resume working, on the condition that she did not return to work with defendant. As such, plaintiff claims that she was compelled to resign from defendant's employ on July 23, 2004. Plaintiff contends that defendant was motivated by plaintiff's age when it subjected her to severe and pervasive harassment and disparate treatment, which culminated in her constructive discharge on July 23, 2004.

After she left defendant's employ, plaintiff filed her initial charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") as well as a claim for unemployment compensation ("UC") benefits. Plaintiff's claim for UC benefits was initially approved; however, defendant appealed that decision. On appeal, plaintiff's claim for benefits was denied. Count VI of plaintiff's complaint alleges that defendant unlawfully retaliated against her for filing her charge of discrimination with the EEOC by appealing her claim for UC benefits.

## II. STANDARD OF REVIEW

When the court considers a Rule 12(b)(6) motion to dismiss, the issue is not whether plaintiff will prevail in the end or whether recovery appears to be unlikely or even remote. The issue is limited to whether, when viewed in the light most favorable to plaintiff, and with all well-pleaded factual allegations taken as true, the complaint states any valid claim for relief. See ALA, Inc. v. CCAIR, Inc., 29 F.3d 855, 859 (3d Cir. 1994). In this regard, the court will not dismiss a claim merely because plaintiff's factual allegations do not support the particular legal theory he advances. Rather, the court is under a duty to examine independently the complaint to determine if the factual allegations set forth could provide relief under any

viable legal theory. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 n.40 (2d ed. 1990). See also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

It is according to this standard that the court has reviewed defendant's motion. Based on the pleadings of record and the briefs filed in support and opposition thereto, the court is persuaded "beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley, 355 U.S. at 45-46.

III. DISCUSSION

In order to establish a discriminatory retaliation claim under the ADEA, a plaintiff must prove three elements: (1) she was engaged in a protected activity; (2) her employer acted adversely against her after or contemporaneous with employee's protected activity; and (3) her employer's adverse action was causally connected to her participation in the protected activity. Glanzman v. Metropolitan Management Corp., 391 F.3d 506, 509 (3d Cir. 2004).

Defendant argues that plaintiff's claim for unlawful retaliation fails as a matter of law because she cannot possibly allege adverse employment action sufficient to satisfy the second element of her prima facie case. Defendant claims that its UC

appeal cannot be an adverse employment action because it occurred after plaintiff's employment had already ended.

In <u>Glanzman</u>, 391 F.3d at 516, plaintiff claimed that her employer retaliated against her by contesting plaintiff's right to UC benefits. The Court of Appeals for the Third Circuit rejected plaintiff's retaliation claim and stated:

> ...[plaintiff] could not suffer adverse employment action after or contemporaneous with the protected activity. Quite obviously, given the nature of unemployment benefits, her employment was terminated before, not after or contemporaneous with, her filing for unemployment compensation. Once her employment was terminated it was not possible for her to suffer adverse employment action.

<u>Id</u>.

The holding of the Court of Appeals applies with full force to the instant case. As in <u>Glanzman</u>, plaintiff was no longer employed by defendant when defendant appealed her UC benefits award. It is impossible for plaintiff to suffer adverse employment action after her employment had been terminated. Because plaintiff cannot allege any facts to support the second element of her prima facie case, Count VI is dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

IV. CONCLUSION

Defendant's motion to dismiss Count VI of the Amended Complaint will be granted for failure to state a claim upon which relief can be granted.  The appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELODY S. VALENTINO, et al.,    )
                                )
            Plaintiffs,         )
                                )
    v.                          ) Civil Action No. 04-1278
                                )
GLADE RUN LUTHERAN SERVICES,    )
                                )
            Defendant.          )

ORDER

Therefore, this 13th day of September, 2005, IT IS HEREBY ORDERED that defendant's motion to dismiss Count VI of the Amended Complaint [doc. no. 20] is GRANTED.

BY THE COURT:

_____, J.

cc:  All Counsel of Record